# Exhibit H



# Teamsters Local Union No. 25
### affiliated with the
### International Brotherhood of Teamsters

544 MAIN STREET • BOSTON, MASSACHUSETTS 02129-1113 • (617) 241-8825 • Fax (617) 242-4284
www.teamsterslocal25.com

November 19, 2020

EMAILED AND MAILED

**SEAN M. O'BRIEN**
*President/Principal Officer*

**THOMAS G. MARI**
*Secretary-Treasurer*

**STEVEN J. SOUTH**
*Vice President/Business Agent*

**PETER S. BERRY**
*Recording Secretary*

**JOHN J. JUSZKIEWICZ, III**
*Trustee*

**JOHN F. GILLIS**
*Trustee*

**ROSS H. MCDONAGH**
*Trustee*

**JOHN A. MURPHY**
*Business Agent*

**ROBERT J. AIGUIER, JR.**
*Business Agent*

**JASON A. LOPES**
*Business Agent*

**JOAN C. COREY**
*Business Agent*

**ANDREW P. WALSH**
*Business Agent*

**MICHAEL C. HALLEY**
*Field Representative*

**JOSEPH F. FOTI**
*Field Representative*

Sherrie Rose Talmadge, Esq.
P.O. Box 990634
Prudential Post Office
Boston, MA 02199

Re: Teamsters Union Local 25 and DHL

Dear Arbitrator Talmadge;

On October 28, 2020 you issued your Award as to whether the Company, as the Issue was framed by the parties, had the right under the collective bargaining agreement to require bargaining unit members to report to work on Sundays under the threat of discipline provided the discipline was in conformance to the elements of progressive discipline contained in the collective bargaining agreement.

    In denying the Union's grievance, your Award stated:

The Company did not violate the New England Pick-Up Delivery Supplement Preamble, and/or Articles 25 and 35 of the current contract dated April 1, 2017 through March 31, 2022 when the Company forced employees to work on Sundays (unscheduled day) under the threat of discipline.

    In addition, in your Opinion you stated:

The Company's issuance of a three-step progression (written warning, suspension, and discharge) for bargaining unit members who refused to perform bargaining unit work does not appear to violate the language of Article 29 of the New England Supplement. Article 29 provides, in part, that, except for specifically enumerated offenses, an employee shall receive a written warning prior to discharge.

Teamsters, Chauffeurs, Warehousemen & Helpers, Furniture & Piano Moving, Furniture Store Drivers, Packers & Helpers, Conventions, Exhibit & Trade Shows, Newspaper Chauffeurs, Distributers & Helpers, Boston and Greater Boston Area, Massachusetts

Now, in interpreting your Opinion and Award, the parties are not in agreement as to the proper application of your Award to specific individuals that the Company fired after it received your Opinion and Award. Generally speaking, the Union's position is that employees who hold CDL A or B licenses who were all out of hours for the week and not able to work Sunday(s) should not have been disciplined. Also, members who could not work on Sundays due to their religious convictions, family medical leave issues or for whom the Company did not observe the three disciplinary steps correctly should not have been disciplined.

For all of these reasons, and because the parties can't agree on the implications of your Award as it applies to specific fact situations and individuals, request is hereby made for you to hold an additional hearing(s) to clarify the application of your Award.

Kindly provide your available dates to the parties. Thank you.

Very truly yours,

*[signature: John A. Murphy]*

John A. Murphy
Business Agent

cc: John P. Nuttall, Labor Relations Manager